IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JASON DEAN LONG,

                    Plaintiff,

          v.                          CASE NO.  12-3004-SAC

JOHN S. SUTHERLAND,
et al.,

                    Defendants.

### MEMORANDUM AND ORDER

     This pro se civil complaint, 42 U.S.C. § 1983, was filed by an inmate of the Linn County Detention Center, Mound City, Kansas (LCDT).


### FILING FEE

     The fee for filing a civil action in federal court is $350.00. Plaintiff has filed an Application to Proceed Without Prepayment of fees (Doc. 2).   Federal law requires that an inmate seeking such leave submit a certified statement of his inmate account for the six-month period immediately preceding the filing of the complaint. Plaintiff has submitted an affidavit from the Undersheriff stating that no inmate at LCDT has any account, and only has the property or money that was with them when they were booked in.   The court provisionally grants plaintiff's motion, based upon this information.   If additional, significantly different financial information comes to the court's attention in the future, this order may be modified.

     Plaintiff is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve

him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1]

## ALLEGATIONS AND CLAIMS

Plaintiff names as defendants John Sutherland, District Attorney; and Stacy Murrow, Deputy. As the factual basis for his complaint, he alleges that in 2010 he was arrested "on numerous felonies," bond was set at $100,000, his court date was continued with no bond hearing, and he was forced to pay $10,000 to bond out to try to save himself and his family from poverty. He claims that he was falsely detained for three weeks and lost his job as a result.

As count I, plaintiff claims malfeasance and that he was detained and arrested without cause. As factual support for this count, he alleges that all charges were dropped by Sutherland with no hearing after his arraignment and without going to preliminary hearing because there were no grounds. He alleges that Sutherland agreed to have the warrant issued and Murrow had him arrested without grounds.

As count II, plaintiff claims that his livelihood was obstructed by the detention without cause and he was impoverished. In support, he alleges that he lost his job, fell behind on his bills, was slandered by deputies, and was prevented from providing

---

[1]     Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

for his family for no cause but malice.

As count III, plaintiff claims he was treated maliciously by defendants before and during his arrest and while detained.  In support, he alleges that defendant Sutherland acted with malice by not caring about him, his family or his rights, and persisted after charges were dropped by the judge.  He also alleges that defendant Murrow acted with malice by having everything legally brought against him without grounds.

Plaintiff seeks money damages, including compensation for the money he spent to bond out, for three weeks wages, and for loss of his job and pay.


SCREENING

Because Mr. Long is a prisoner suing state employees, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.


**FAILURE TO STATE FACTS SHOWING A FEDERAL CONSTITUTIONAL VIOLATION**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally

construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570 (citation omitted). The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558.

Mr. Long does not refer to any particular right under the U.S. Constitution and explain how the acts of which he complains violated that right. Instead, his complaints include terms, such as malfeasance and being maligned and treated with malice, that suggest state torts rather than claims viable in federal court. Moreover, these allegations are conclusory.

Plaintiff also alleges unlawful detention for three weeks, but

does not describe any of the circumstances of his arrest or provide the dates of his arrest and detention.  Generally, actions for false arrest and for malicious prosecution are subject to a one-year statute of limitations.  See K.S.A. § 60-514(b).  If plaintiff was arrested and detained for three weeks in 2010, it appears that he did not bring this lawsuit within one year of those events.  Thus, any claim based upon that arrest and detention may be time-barred.

Furthermore, Mr. Long's allegations that an arrest warrant was issued, that he was arraigned and that bond was set indicate that there was probable cause for his arrest and detention, rather than no probable cause.  A law enforcement officer cannot be held liable for malicious prosecution based upon wrongful arrest if there has been an independent hearing before a judge who determined that evidence was sufficient to detain the suspect.  Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996).

In addition, a county attorney's actions in preparing a warrant and initiating charges are well within his prosecutorial role, and he is absolutely immune from suit for money damages for actions taken during the judicial process of initiating a prosecution. Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  The fact that the charges were eventually dropped, without more, does not establish a claim, such as malicious prosecution or false arrest.

Plaintiff will be given time to file a supplement to his complaint in which he must provide additional facts including the specific dates and circumstances of his arrest and detention that are sufficient to support a claim of a violation of a federal constitutional right and to cure the deficiencies discussed herein. If he fails to provide adequate facts to state a federal

constitutional claim and cure all the deficiencies within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is provisionally granted based upon the information currently provided, and plaintiff is assessed the full filing fee of $350.00 to be paid through payments automatically deducted from his inmate account as authorized by §1915(b)(2).

**IT IS FURTHER ORDERED** that the finance officer of the facility where plaintiff is currently confined is hereby authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

**IT IS FURTHER ORDERED** that plaintiff is required within thirty (30) days to file a Supplement in which he alleges additional facts sufficient to state a federal constitutional claim and in which he cures the deficiencies explained herein.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge